**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **George Legg,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 08 C 05034** |
| | ) | |
| **v.** | ) | **Magistrate Judge Susan E. Cox** |
| | ) | |
| **Wal-Mart Stores, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

MEMORANDUM OPINION AND ORDER

On a summer evening in 2006, on his way into a Wal-Mart to buy Fruit Loops for his wife, plaintiff George Legg tripped over a swing set. Plaintiff sustained serious injury, requiring surgery and several months of casts on both arms. Three years later, in June 2009, plaintiff filed suit against defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart" or defendant) alleging that by negligently placing the swing set on its sidewalk, the store had violated its duty to maintain its premises in a reasonable condition. Defendant has now filed a motion for summary judgment arguing that the swing set was open and obvious and, therefore, it had no duty to protect plaintiff from tripping. Defendant's motion is denied[dkt 32].

The Court has jurisdiction over this matter pursuant to Title 28, United States Code section 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000. On October 6, 2008, the parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to Title 28, United States Code section 636(a).

Defendant moves for summary judgment but did not file a Statement of Undisputed Facts,

in violation of Northern District of Illinois Local Rule 56.1. Specifically, the Rule requires the moving party to file a statement of material facts "as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law."[1] The opposing party, then, is to respond to each statement made and to indicate any disagreement it has to the moving party's statements.[2] Local Rule 56.1 assists the court by "'organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence.'"[3] Here, without the assistance of a Local Rule 56.1 statement, the Court was left to assume that no facts were in dispute.[4] This, however, was proven to be incorrect when the parties appeared for oral argument and, in fact, noted discrepancies in the record. The general facts, however, are as follows.

On August 22, 2006, plaintiff drove to Wal-Mart to purchase Fruit Loops for his wife's school class the next day.[5] It was close to 9:00p.m. when he arrived at the store, he parked, and walked towards the entrance.[6] Near the entrance was a large swingset on display, pushed flush against the wall on the light grey sidewalk. Photographs of the swingset show that it was painted red and had green and yellow accents.[7] Plaintiff testified in his deposition that he saw the swingset and "didn't think anything of it."[8] Plaintiff also testified that there were people around and that he

---

[1]N.D. Ill. R. 56.1(a)(3).
[2]N.D. Ill. R. 56.1(b)(3).
[3]*See Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir. 2000)(quoting *Markham v. White,* 172 F.3d 486, 490 (7th Cir. 1999)).
[4] *See Barbieri v. Redstone American Grill, Inc.*, 2009 WL 290467 (N.D.Ill. Feb. 6, 2009)(finding that because no facts were in dispute, and the issue was purely legal, the case could be decided without a Local Rule 56.1 statement of facts).
[5]Def's Mt. for Summ. Judgment, Exh D (hereinafter "Pl's dep.") at 11.
[6]Pl's dep. at 11.
[7]Pl's dep., Exh F.
[8]Pl's dep. at 16.

specifically noticed someone with a dog because he thought "it was unusual."[9] But no one was directly around him and there was not such a crowd that he bumped into anyone.[10] Besides looking at the person with the dog, plaintiff testified that he was looking towards the entrance of the store as he walked.[11] Then, within a short distance of the entrance (though we are not certain of the exact distance), plaintiff tripped over the leg of the swingset.[12] Plaintiff stumbled and fell into the wall of the store.[13] As he fell he extended his arms, his hands hit the wall, and then his face hit the wall.[14] Plaintiff's injury required several months of medical care, including surgery and casts on both arms.[15]

Plaintiff's complaint alleges that as a direct and proximate result of defendant's negligence - in obstructing the pedestrian access of the store with the swingset - he was severely injured. Citing to the law on common law negligence, defendant argues that it is entitled to summary judgment because the evidence fails to establish that it owed any duty to plaintiff, breached a duty, or was the proximate cause of plaintiff's injuries. We know that whether there is a duty owed is determined by the court and only if a duty is owed can there be negligence imposed on defendant.[16] But the principal argument defendant makes is that it had no duty to protect against potential injuries resulting from the swingset because the swingset was open and obvious.

We find that there is a question of fact as to whether the swingset was open and obvious. We recognize that though the determination of duty is a question of law, the determination of whether

---

[9]Pl's dep. at 18.
[10]Pl's dep. at 18, 20.
[11]Pl's dep. at 19.
[12]Pl's dep. at 57-58.
[13]Pl's dep. at 21-22.
[14]Pl's dep. at 21.
[15]Pl's dep. at 32-35.
[16]*See American Nat'l Bank & Trust Co. of Chicago v. Nat'l Advertising Co.,* 149 Ill.2d 14, 26 (Ill. 1992).

a condition is open and obvious, in many cases, is a question of fact.[17] As the court stated in

*Belluomini v. Stratford Green Condominium Association*, "where there is no dispute about the

physical nature of the condition, the question of whether a condition is open and obvious is legal."[18]

But because we are lacking facts in this case, not helped by the fact that the parties did not file Local

Rule 56.1 statements, we cannot say that there is no dispute as to the physical nature of the condition.

Where reasonable minds can differ as to whether a condition is open and obvious, or, whether the

condition itself "served as adequate notice of its presence or whether additional precautions were

required to satisfy the defendant's duty" are questions that should be left to the trier of fact.[19] We,

therefore, deny defendant's motion [dkt 32] and set this case for trial. This matter is set for further

status on November 9, 2009 at 9:30a.m.

**IT IS SO ORDERED.**


**ENTERED: October 26, 2009**                    _____

                                                 **UNITED STATES MAGISTRATE JUDGE**
                                                 **Susan E. Cox**

---

[17]346 Ill.App.3d 687, 692 (Ill.App.Ct. 2004)(citations omitted).
[18]*Belluomini,* 346 Ill.App.3d at 692-93 (noting examples of cases where courts have ruled, as a matter of law, that a condition was open and obvious).
[19]*Buchaklian v. Lake County Family Young Men's Christian Ass'n,* 314 Ill.App.3d 195, 203 (Ill.App.Ct. 2000).